# No. 24-60084
In the United States Court of Appeals
for the Fifth Circuit

---

Deep South Center for Environmental Justice, Healthy Gulf, and Alliance for Affordable Energy,

*Petitioners*,

v.

United States Environmental Protection Agency; Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

*Respondents*.

---

# AMERICAN PETROLEUM INSTITUTE MOTION FOR LEAVE TO INTERVENE ON BEHALF OF RESPONDENTS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case, and thus incorporate that list by reference herein. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

- Petitioners Deep South Center for Environmental Justice, Healthy Gulf, and Alliance for Affordable Energy—represented by Earthjustice, James Yskamp and Elizabeth Livingston de Calderon.

- Federal Respondents United States Environmental Protection Agency and Michael S. Regan—represented by United States Department of Justice, Tsuki Hoshijima.

- State of Louisiana—represented by Office of Attorney General, Louisiana Department of Justice.

Dated: March 21, 2024  */s/ James M. Auslander*
James M. Auslander
BEVERIDGE & DIAMOND, P.C.
*Attorney for American Petroleum Institute*

The American Petroleum Institute ("API") respectfully moves for leave to intervene in support of the United States Environmental Protection Agency ("EPA") and Michael S. Regan ("Federal Respondents") in this matter.[1] API's members comprise companies likely to apply to the State of Louisiana for permits under EPA's final rule challenged by Petitioners, and correspondingly likely to be harmed by Petitioners' sought relief. As API will help demonstrate, the Petition should be dismissed and Louisiana should retain Class VI injection well primacy under the final rule, like it already exercises for other underground injection wells.

API readily meets the criteria for intervention. An intervention motion "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). This Court also has looked to "the policies underlying intervention in the trial courts pursuant to Fed.R.Civ.P. 24." *State of Tex. v. U.S. Dept. of Energy*, 754 F.2d 550, 551 (5th Cir. 1985).

API's motion is timely. The Petition was filed on February 20 and docketed on February 22, 2024, less than 30 days before the filing of this motion. Additionally, this motion is filed at an early stage of the proceedings, before a

---

[1] EPA, *State of Louisiana Underground Injection Control Program; Class VI Primacy*, 89 Fed. Reg. 703 (Jan. 5, 2024).

3

briefing schedule has been set. Accordingly, API's intervention will not prejudice any party or result in delay.

Moreover, API and its members have a substantial interest in EPA's final rule that would as a practical matter be impaired or impeded if Petitioners were to prevail in this action. API represents the interests of its nearly 600 members that are involved in all aspects of the oil and gas industry, including exploration and production, and conduct much of the production, refining, marketing, and transportation of petroleum and petroleum products in the United States. Together with its member companies, API is committed to ensuring a strong, viable U.S. oil and gas industry capable of meeting the energy needs of our Nation in an efficient and environmentally responsible manner. Toward that goal, API members are also owners, operators, and developers of carbon capture, use, and storage ("CCUS") projects, including projects planned in Louisiana which may be subject to Louisiana's Class VI injection well program as provided for by the final rule. API and its members supported and submitted detailed comments on Louisiana's Class VI primacy application.[2]

EPA's final rule here is neither remarkable nor novel. EPA's final rule merely supplements Louisiana's primary enforcement responsibility for the underground injection control ("UIC") program under Section 1422 of the Safe

---

[2] *See, e.g.*, https://www.regulations.gov/comment/EPA-HQ-OW-2023-0073-0161.

Drinking Water Act ("SDWA"), 42 U.S.C. § 300h–1. For decades, Louisiana already has exercised primacy for Class I, II, III, IV, and V wells within the State. 40 C.F.R. § 147.950. The final rule here amends that regulation to similarly provide Louisiana primacy for CCUS Class VI wells. *Id*.; 42 U.S.C. § 300h–9. EPA likewise has previously approved Class VI primacy requested by other states (Wyoming and North Dakota). Like those prior primacy approvals, the final rule here spurs more efficient and effective UIC permitting processes at the State level than at the federal level, as Congress expressly contemplated in the SDWA. Additionally, the final rule aids in unlocking Congress' incentives (including under the 2021 Infrastructure Investment and Jobs Act and the 2022 Inflation Reduction Act) for CCUS projects that are key to meeting climate goals.

By contrast, the Petition is novel and threatens substantial consequences to API and its members. Petitioners tellingly did not challenge EPA's prior UIC primacy determinations for Louisiana. Nor did they challenge EPA's Class VI primacy determinations for other states. The Petition's effort to vacate the final rule here seeks to add substantial delays to CCUS projects, frustrate achievement of climate goals, and undo robust environmental justice commitments evaluated by EPA and incorporated in the final rule. Furthermore, API is concerned that Petitioners' unique facial challenge to EPA's primacy determination, if successful, may chill other States' efforts to obtain Class VI primacy, or encourage similar

facial challenges to future State primacy approvals for any UIC wells. API seeks to intervene to defend the final rule and its net benefits and to prevent the adverse effects of its vacatur.

Finally, no party adequately represents the interests of API and its members in this case. API will represent its members' private interests in obtaining Class VI well permits from the State of Louisiana under the final rule. Petitioners do not adequately represent API's interests because their legal position and sought relief in this litigation are adverse to API. And Federal Respondents will represent the multi-faceted and public interests of EPA instead of the specific interests of API and its members. While API concurs with EPA's reasoning in its final rule and supporting record and trusts that Federal Respondents will vigorously defend the final rule, at this time API cannot know based solely on the Petition what arguments Petitioners will assert or what defenses Federal Respondents will raise. API's participation as an intervenor here is critical to protect its unique interests.

For the foregoing reasons, the Court should grant API intervention. Counsel for API has conferred with counsel for each party in this matter. Petitioners state that they reserve their position on the motion. Federal Respondents state that they take no position at this time but reserve the right to file a response.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 21, 2024 | */s/ James M. Auslander*<br>James M. Auslander<br>Stephen P. Smith<br>BEVERIDGE & DIAMOND PC<br>1900 N St. NW, Suite 100<br>Washington, DC 20036<br>Phone: (202) 789-6000<br>Fax: (202) 789-6190<br>Email: jauslander@bdlaw.com<br>           spsmith@bdlaw.com<br>*Attorneys for American Petroleum Institute* |

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the parties' attorneys of record.

Dated: March 21, 2024  */s/ James M. Auslander*
James M. Auslander
BEVERIDGE & DIAMOND, P.C.
*Attorney for American Petroleum Institute*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the exempted parts of the document, this document contains 915 words, as computed by Microsoft Word. This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)(A) and 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: March 21, 2024          */s/ James M. Auslander*
                                              James M. Auslander
                                              BEVERIDGE & DIAMOND, P.C.
                                              *Attorney for American Petroleum Institute*

**CERTIFICATE OF ELECTRONIC COMPLIANCE**

I hereby certify that, in the foregoing document using the Fifth Circuit CM/ECF document filing system, (1) the privacy redactions required by the Fifth Circuit Rule 25.2.13 are not necessary in this filing, (2) the electronic submission and the paper document filed will be exact copies, and (3) the document has been scanned for viruses with the most recent version of use Symantec Endpoint Protection and is free of viruses.

Dated: March 21, 2024  */s/ James M. Auslander*
James M. Auslander
BEVERIDGE & DIAMOND, P.C.
*Attorney for American Petroleum Institute*